**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM L. VAUGHN, #348411,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:15-cv-0034** |
| | ) | |
| **STEVENSON NIXON, Warden,** | ) | **Judge Trauger** |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Petitioner William L. Vaughn, a state prisoner incarcerated at the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus (ECF No. 1), challenging a conviction and sentence issued by the Davidson County Criminal Court in 2001. The petition is ripe for review, and this court has jurisdiction. 28 U.S.C. § 2241(d).

The court previously denied the petitioner's motion for an evidentiary hearing (ECF No. 3) as premature. (*See* Order, ECF No. 52.) The court has reconsidered that determination, as set forth in the accompanying Memorandum Opinion, and finds that an evidentiary hearing is not warranted.

Further, as also explained in the accompanying Memorandum Opinion, the court finds that the petitioner is not entitled to relief on the basis of the grounds articulated in his petition. Accordingly, his petition (ECF No. 1) is hereby **DENIED**, and this matter is **DISMISSED**.

As also discussed in the memorandum, the court finds that several of the issues raised in the § 2254 motion are "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The court **GRANTS** a certificate of appealability (COA) as to the petitioner's claims (1) that he was effectively denied the right to testify at his first post-conviction hearing, (2) that his plea was premised on the understanding that he would undergo a psycho-sexual evaluation prior to sentencing, (3) that trial counsel was ineffective for arguing that sentencing consideration should begin at the middle of the range rather than at the low end, (4) that trial counsel was ineffective for failing to adequately inform the petitioner that he would be subject to the state's sex-offender registry requirements for life, and (5)

that the plea was not knowing and voluntary as a result of the trial court's failure to inform the petitioner that he would be subject to lifetime community supervision following the expiration of his sentence.

The remaining claims do not merit further review. The court therefore **DENIES** a COA as to all other claims articulated in the habeas petition. The petitioner may, however, request a COA as to other claims directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

It is so **ORDERED**.

This is a final judgment for purposes of Fed. R. Civ. P. 58.

ALETA A. TRAUGER
United States District Judge